UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

**DECLARATION OF CHRISTINE RODRIGUEZ, ESQ.**

I, Christine Rodriguez, declare the following under penalty of perjury:

1. I am an attorney licensed in Massachusetts since 2008. I am currently employed as a Senior Immigration Attorney at the Massachusetts Law Reform Institute ("MLRI"). In that capacity, I coordinate an effort to secure representation for unlawfully detained immigrants in need of habeas relief by consulting with immigration attorneys and, in many cases, connecting them with volunteer litigators admitted in federal court. The habeas program serves Massachusetts residents detained in Massachusetts, Maine, Vermont, New Hampshire, and Rhode Island, as well as individuals detained in Massachusetts regardless of residency. Generally, our program assists only people who have or are able to engage immigration counsel. As part of the program's intake process, I receive information concerning detained noncitizens related to their request for legal representation. I also receive information about the current location of detained individuals in need of habeas

relief. Although the specific information provided during the intake process is privileged and confidential, I am able to disclose anonymized statistical and numerical information about intakes received by our program.

2. Since the launch of the habeas program in April 2025, the program has received 136 requests for support. In at least twenty of these cases, there has been reason to conclude that a bond-eligible § 1226 detainee had been misclassified as being mandatorily detained under § 1225(b)(2). The first of these requests was made on or around May 27, 2025.

3. Since September 5, 2025, when the Board of Immigration Appeals ("BIA") issued its decision in *Matter of Yajure Hurtado*, 29 I. &. N. Dec. 216 (B.I.A. 2025) ("*Matter of Hurtado*"), the program has experienced a significant increase in requests for assistance with habeas petitions. In fact, in our five months of operation, thirty percent of intake requests have come in during the three weeks since the BIA's decision in *Matter of Hurtado.* In the fourteen business days since that case was published, at least fourteen of our intakes have indicated improper denial of bond under *Matter of Hurtado* as the basis for habeas relief. Presently, we receive requests for assistance regarding the improper denial of bond under *Matter of Hurtado* essentially every day. If we continue to receive these intakes at the current rate, I estimate that, by the end of the year, we will have received at least 60 such intakes. This is a conservative estimate because some intakes may not initially indicate this issue, and it only becomes clear during subsequent habeas litigation that *Matter of Hurtado* is being asserted. Additionally, this information reflects only people who have the knowledge, legal resources, and practical ability to contact our program following their arrest. Many people arrested by U.S. Immigration and Customs Enforcement ("ICE") are unrepresented and cannot contact us. Consequently, the numbers

stated here address only a specific subset of the detained population, and it is highly probable that a much larger number of people in Massachusetts are being unlawfully denied bond hearings due to the current policies of the U.S. Department of Homeland Security and the Department of Justice reflected in *Matter of Hurtado*.

4. Our program faces several challenges in securing effective habeas representation for people in need. Although Massachusetts is fortunate to have a community of attorneys available to be engaged for habeas cases, the resources of this community are being strained by the recent apparent increase in ICE enforcement operations in Massachusetts and because a high percentage of detainees are being denied access to bond hearings following *Matter of Hurtado* and therefore must seek release, if at all, through the habeas process. Another challenge concerns the fact that ICE detainees are often transferred out of Massachusetts soon after arrest, including apparent transfers out of Massachusetts on the same day as the arrest. For detainees whose lawyers and other resources are located in Massachusetts, this means that the window to file a habeas petition in this District is often very short.

Dated: September 25, 2025                                  */s/ Christine Rodriguez*
                                                          Christine Rodriguez