UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 25-12664-PBS<br><br>Leave to File Granted Oct. 17, 2025 |

## POST-HEARING SUBMISSION

Petitioner respectfully responds to questions arising at the October 14, 2025 Hearing:

First, the Court had inquired about the status of the pending appeal in *Martinez v. Hyde*, C.A. No. 25-11613-BEM, 2025 WL 2084238 (D. Mass. July 24, 2025). According to the docket, the government moved to stay the appeal on October 10, 2025, and that motion is pending, with no briefing or argument schedule set. *See Martinez v. Hyde*, No. 25-1902 (1st Cir.).

Second, the parties and the Court had discussed whether the class definition should be clarified. *See* Oct. 14, 2025 Tr. at 32, 38-39. The class is intended to include people whose most recent arrest occurred inside the United States, a group who the courts (and, until recently, the government) consistently agree are encompassed within § 1226.[1] The class is *not* intended to include people whose most recent arrest occurred at the physical border while arriving in the

---

[1] *See, e.g.*, Oct. 3, 2025 Mem. & Order (D.E. 54) at 23 (noting government's "longstanding position that noncitizens who entered without inspection and were later apprehended within the country were subject to detention under § 1226"); *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (stating § 1226 applies to noncitizens "inside the United States," "present in country," and "already in the country"); *Doe v. Moniz*, C.A. No. 25-12094-IT, 2025 WL 2576819, at *5 (D. Mass. Sept. 5, 2025) (collecting cases); *Romero v. Hyde*, C.A. No. 25-11631, 2025 WL 2403827, at *12 (D. Mass. Aug. 19, 2025) (holding "the relevant distinction" is "between persons inside the United States and persons outside the United States").

United States and were continuously detained thereafter.[2] The government has not clearly explained how such people would end up in the class as currently defined. In all events, to the extent the Court determines greater clarity in the class definition is appropriate, an exclusion could be added to clarify the issue. *See Rodriguez v. Bostock*, 349 F.R.D. 333, 365 (W.D. Wash. 2025) (class was certified with exclusion for people "apprehended upon arrival"). Petitioner proposes the following language for any such exclusion:

> "(e) the person is not a person whose most recent arrest occurred at the physical border while they were arriving in the United States and has been continuously detained thereafter."

Third, the Court had inquired about whether class members were ordered to be identified to class counsel in *Brito v. Barr*. *See* Oct. 14, 2025 Tr. at 6-7, 32. The Court ordered such identification in *Brito* and should do so here. *See Brito v. Barr*, 415 F. Supp. 3d 258, 270-71 (D. Mass. 2019), *aff'd in part and vacated in part*, *Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021). Without identification, neither Petitioner's counsel nor the Court will be able to ensure that individual class members are informed of the existence of this action and any declaratory relief that this Court may determine, nor would it be possible to determine they actually receive bond hearings. *See Bouchard v. Sec'y of Health & Human Servs.*, 604 F. Supp. 171, 176 (D. Mass. 1984) (goal "must be to ensure that all potential class members are aware of the right created by the Court's Order"); *see also Giotto v. U.S. Dep't of Homeland Sec.*, 762 F. Supp. 3d 127, 134 (D.N.H. 2025) (ordering identification and notice). And, of course, a procedure to facilitate notice is permissible under Rule 23, *see* Fed. R. Civ. P. 23(c)(2)(a), and not barred by § 1252(f)(1) because mere identification and notice incident to class certification do not "enjoin or restrain the

---

[2] In this litigation, Petitioner's counsel take no position on the detention authority applicable to people whose most recent arrest occurred at the physical border while arriving in the United States and were continuously detained thereafter.

operation" of any provision of immigration law. *See Al Otro Lado v. Exec. Off. for Immigr. Review*, 120 F.4th 606, 628 (9th Cir. 2024).[3]

Fourth, the Court inquired about mechanisms to enforce any declaratory relief. *See* Oct. 14, 2025 Tr. at 13, 5-7. This issue can be further addressed at the summary judgment stage, but the law is clear that a declaration would benefit the class members and there are multiple options for individual enforcement. As discussed at the hearing, class members could pursue individual habeas relief relying on the declaration as an articulation of their rights. Alternatively, if the Court deems appropriate, the Court could authorize class members to return to this Court on an individual basis for "further necessary or proper relief" to give effect to the Court's declaration. *See* 28 U.S.C. § 2202; *Unión De Empleados De Muelles De P.R., Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO*, 884 F.3d 48, 58-59 (1st Cir. 2018) ("[T]he court issuing the declaratory judgment has the authority to grant '[f]urther necessary or proper relief' pursuant to the judgment, even if such relief was not requested in the complaint."). This Court retains jurisdiction to enforce its declaratory judgment during the pendency of any appeal and after any appeal is completed. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988); *see also Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 41 F.3d 764, 773 (1st Cir. 1994). A class member's individual motion for further relief pursuant to 28 U.S.C. § 2202 would not run afoul of 8 U.S.C. § 1252(f)(1), which "prohibits federal courts from granting classwide injunctive relief" but does not prohibit individual relief. *See Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022).

---

[3] Identification should not await the issuance of a remedy because putative class members have recently been transferred out of New England at a rapid pace, and are likely to make decisions that are informed by the assumption (which may be reinforced by ICE and immigration judges) that they will not have access to a bond hearing and must remain in detention if they wish to contest removal. *See* ECF No. 340, *Calderon v. McAleenan*, D. Mass. No. 18-cv-10225-MLW (Aug. 7, 2019) (ordering identification and notice procedures following class certification and prior to any class-wide declaratory or injunctive relief).

Respectfully submitted,

*/s/ Christopher E. Hart*
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO # 680210)
Daniel L. McFadden (BBO # 676612)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
dmcfadden@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim (admitted *pro hac vice*)
Chelsea Eddy (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org

4

        sangyeob@aclu-nh.org
        chelsea@aclu-nh.org

        Carol J. Garvan (admitted *pro hac vice*)
        Max I. Brooks (admitted *pro hac vice*)
        AMERICAN CIVIL LIBERTIES UNION
        OF MAINE FOUNDATION
        P.O. Box 7860
        Portland, ME 04112
        (207) 619-8687
        cgarvan@aclumaine.org
        mbrooks@aclumaine.org

        Annelise M. Jatoba de Araujo
        (BBO # 669913)
        ARAUJO & FISHER, LLC
        75 Federal St., Ste. 910
        Boston, MA 02110
        617-716-6400
        annelise@araujofisher.com

        Sameer Ahmed (BBO #688952)
        Sabrineh Ardalan (BBO # 706806)
        HARVARD IMMIGRATION AND
        REFUGEE CLINICAL PROGRAM
        Harvard Law School
        6 Everett Street
        Cambridge, MA 02138
        T: (617) 384-0088
        F: (617) 495-8595
        sahmed@law.harvard.edu
        sardalan@law.harvard.edu

        *Counsel for Petitioner*

Dated: October 21, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: October 21, 2025                 */s/ Gilleun Kang*
                                                    Gilleun Kang