UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JOSE ARNULFO GUERRERO ORELLANA,     )
on behalf of himself and others     )
similarly situated,                 )
                                    )
        Petitioner-Plaintiff,       )
                                    )
v.                                  )   Civil Action
                                    )   No. 25-cv-12664-PBS
ANTONE MONIZ, Superintendent,       )
Plymouth County Correctional        )
Facility, et al.,                   )
                                    )
        Respondents-Defendants.     )
_____)

**PARTIAL FINAL JUDGMENT**

December 19, 2025

Saris, J.

In accordance with the Court's Memorandum and Order dated December 19, 2025 (Dkt. 112), allowing Petitioner-Plaintiff Jose Arnulfo Guerrero Orellana's motion for partial summary judgment and denying Respondents-Defendants' cross-motion for partial summary judgment, it is hereby **ORDERED** that judgment is entered in favor of Guerrero Orellana and the certified class on Count I.

The class includes the following individuals:

> All people who are arrested or detained in Massachusetts, or are detained in a geographical area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court, or who are otherwise subject to the jurisdiction of an Immigration Court located in Massachusetts, where:

1

    (a)    the person is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);

    (b)    for the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States and has not alleged that person was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry or after continuous detention upon arrival;

    (c)    the person does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);

    (d)    the person is not subject to post-final order detention under 8 U.S.C. § 1231; and

    (e)    the person is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

## **DECLARATORY JUDGMENT**

The Court declares that the members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2). Defendants' policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2)(A) without consideration for bond and a custody redetermination (_i.e._, bond) hearing is unlawful and violates the Immigration and Nationality Act and its regulations. The members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond and/or conditions before

immigration officers and Immigration Judges. After joining the class, the member of the certified class shall remain subject to this order notwithstanding any subsequent change in their location, facility of detention, or venue of immigration proceeding.

The Court also orders that:

1. The notice of the declaratory judgment that Defendants are ordered to give shall be in the form attached in the appendix hereto. Defendants shall forthwith translate the notice into, at minimum, Spanish, Portuguese, and Haitian Creole.

2. Within seven days, Defendants shall post the notice in English, Spanish, Portuguese, and Haitian Creole in common areas of any facility holding immigration detainees in Massachusetts or in any geographic area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court.

3. Within fourteen days, Defendants shall serve the notice on all noncitizens already in immigration detention who Defendants reasonably believe may be members of the class. The notice shall be in a language the noncitizen understands. Should Defendants not have the notice

      translated into a language the noncitizen understands, they shall secure an interpreter to translate the notice as soon as feasible.

4. Starting no later than seven days after the date of this order, Defendants shall promptly serve the notice on all noncitizens who are newly arrested or detained by immigration officers and who Defendants reasonably believe may be members of the class. The notice shall be given at the time the noncitizen is processed in a language the noncitizen understands. Should Defendants not have the notice translated into a language the noncitizen understands, they shall secure an interpreter to translate the notice as soon as feasible.

5. Defendants shall record the service of each notice and retain a copy of each such notice served.

6. Defendants shall provide the noncitizen with access to a telephone to call an attorney within one hour after the noncitizen receives the notice.

SO ORDERED.

                                        /s/ PATTI B. SARIS
                                        Hon. Patti B. Saris
                                        United States District Judge

**APPENDIX**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
JOSE ARNULFO GUERRERO ORELLANA,     )
on behalf of himself and others     )
similarly situated,                 )
                                    )
        Petitioner-Plaintiff,       )
                                    )
v.                                  )   Civil Action
                                    )   No. 25-cv-12664-PBS
ANTONE MONIZ, Superintendent,       )
Plymouth County Correctional        )
Facility, et al.,                   )
                                    )
        Respondents-Defendants.     )
_____)
```

**CLASS ACTION NOTICE**

You may be a member of a class that has been certified by the United States District Court for the District of Massachusetts in Guerrero Orellana v. Moniz, No. 25-cv-12664 (D. Mass. 2025). On December 19, 2025, the District Court issued a ruling that certain immigration detainees may be unlawfully detained and may seek release on bond or conditional parole under 8 U.S.C. § 1226(a). Therefore, you may be entitled to request release on bond or conditional parole by immigration officers; you may also be entitled to a bond hearing upon your request to the Immigration Court. At the bond hearing, the Immigration Judge may determine that you are eligible to be released on bond while your removal proceedings are pending.

5

If you have questions about your potential membership in the class or your rights under the District Court's ruling, you may call the attorneys representing the class at (857) 347-5502.

Served on date: _____

Served at location: _____

Name of person served: _____

Alien number of person served: _____

Name of officer serving notice: _____

ID number of officer serving notice: _____

Signed by serving officer: _____