**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.;<br><br>Respondents-Defendants. | Civil Action No. 1:25-cv-12664-PBS |

**MEMORANDUM IN SUPPORT OF RESPONDENTS-DEFENDANTS' MOTION FOR FOR LIMITED RELIEF FROM CERTAIN TIMING ASPECTS OF THE CLASS NOTICE REQUIREMENTS OF THE DECEMBER 19 JUDGMENT**

i

I. **INTRODUCTION**

Respondents-Defendants (Defendants) hereby move, under Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6), for limited relief from certain timing requirements concerning notice to the class that are set forth in the Court's Summary Judgment Order (ECF 112) (the "Order") and accompanying Partial Final Judgment (ECF 113) (the "Judgment"). Defendants are not in this motion seeking to re-litigate substantive issues concerning the notice requirements. Instead, they are seeking for operational reasons an alteration of the timeline for compliance with individual service of notice to aliens who have been transferred out of Massachusetts, as well as to modify the Order's telephone access timing requirements. This motion is without waiver of any other objections to the Order and Judgment.

II. **PROCEDURAL BACKGROUND**

On December 19, 2025, the Court granted summary judgment to Petitioner and the certified class on Count One of the Amended Petition and Complaint. *See* ECF 112. As part of its Order and accompanying Judgment, the Court ordered the Defendants to provide notice to the class. *See* ECF 112, 113.

Before the Court issued its Order, it discussed potential notice requirements with counsel for the parties at the December 17 hearing on the parties' cross-motions for summary judgment. At that hearing—while reserving their substantive objections to relief and to notice requirements—Defendants offered to provide translations of the notice in Spanish, Portuguese, and Haitian Creole. The Court also briefly discussed whether Defendant U.S. Immigration and Customs Enforcement (ICE) could provide telephone access to detainees within 24 hours of receiving

1

notice—an issue that had not yet been briefed by the parties. Undersigned counsel expressed concern at the hearing that, although ICE could endeavor to make telephone access available upon service of notice upon an initial encounter, that there might be some circumstances in which providing telephone access within one hour might not be feasible. Finally, given the operational nuances of implementing class notice and reporting, the Court noted at the hearing that the parties may seek to modify the notice or other ancillary relief after the Court issued its order.

The Order and Judgment included the following notice requirements:

1.   The notice of the declaratory judgment that Defendants are ordered to give shall be in the form attached in the appendix hereto. Defendants shall forthwith translate the notice into, at minimum, Spanish, Portuguese, and Haitian Creole.

2. Within seven days, Defendants shall post the notice in English, Spanish, Portuguese, and Haitian Creole in common areas of any facility holding immigration detainees in Massachusetts or in any geographic area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court.

3. Within fourteen days, Defendants shall serve the notice on all noncitizens already in immigration detention who Defendants reasonably believe may be members of the class. The notice shall be in a language the noncitizen understands. Should Defendants not have the notice translated into a language the noncitizen understands, they shall secure an interpreter to translate the notice as soon as feasible.

4. Starting no later than seven days after the date of this order, Defendants shall promptly serve the notice on all noncitizens who are newly arrested or detained by immigration officers and who Defendants reasonably believe may be members of the class. The notice shall be given at the time the noncitizen is processed in a language the noncitizen understands. Should Defendants not have the notice translated into a language the noncitizen understands, they shall secure an interpreter to translate the notice as soon as feasible.

5. Defendants shall record the service of each notice and retain a copy of each such notice served.

2

> 6. Defendants shall provide the noncitizen with access to a telephone to call an attorney within one hour after the noncitizen receives the notice.

ECF 112 at 28–29. The Court deferred ruling on other class-related reporting requirements requested by Petitioner, requesting supplemental briefing be filed on January 7, 2026. *See id.* at 25. The Court noted that the parties had "extensively debated the feasibility and burden of requiring Defendants to identify to class counsel information about class members and the transfers of any class member outside the region" but that it "lacks adequate information on these topics" to determine whether any such requirements are appropriate. *Id.*

### III. LEGAL STANDARD

A party may ask a court to amend its judgment under Rule 59(e) of the Federal Rules of Civil Procedure based on newly discovered evidence or an intervening change in the law, or because the court committed a manifest error of law or fact. *See Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 72 (1st Cir. 2003); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (same). Motions under Rule 59(e) must be filed no later than 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).

A court may also modify a final judgment under Rule 60(b), including for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," *id.* 60(b)(6). Rule 60(b)(6)'s catch-all provision ("any other reason that justifies relief") applies in "extraordinary circumstances" and is "appropriate only if Rules 60(b)(1)–(5) do not apply." *Chang v. Smith*, 778 F.2d 83, 85 (1st Cir. 1985) (citations omitted).

3

## IV.     ARGUMENT

### A.     The Court Should Modify the Telephone Access Requirement.

Defendants respectfully request that the Court modify the telephone access requirement set forth in Paragraph 6 of the Order's notice requirements, because ICE cannot comply with the current strict time requirements in all circumstances. Although ICE will endeavor to provide telephone access as soon as possible, there may be circumstances where it cannot provide such telephone access within the hour of serving notice on a potential class member. *See* Declaration of David Wesling ("Wesling Decl.") ¶ 5. For illustrative purposes, if eight or more detainees are served with notice at the same time in order to meet the service requirements of Paragraphs 3 and 4, and there are two available telephones, and each detainee uses the opportunity to talk to an attorney for 20 minutes, there may not be sufficient phones to accommodate each detainee's request within one hour. *See id.* To avoid the prospect of being charged with noncompliance with the order due to existing phone availability, combined with the need to serve notice within particular time frames under Paragraph 3, Defendants respectfully request under Rule 59(e) or Rule 60(b)(6) to modify the strict one-hour requirement for providing telephone access, given that this information about the particulars of telephone access could not have been submitted to the Court in the briefing, as it was only raised at the December 17 hearing.

Specifically, Defendants request that Paragraph 6 be modified in the Order and Judgment to read as follows:

> Defendants shall provide the noncitizen with access to a telephone to call an attorney <u>as soon as possible, and no later than</u> ~~within one hour~~ <u>24 hours</u> after the noncitizen receives the notice.

4

### B. The Court Should Extend the Deadline for Serving Notice Under Paragraph 3.

Defendants cannot guarantee individual service of notice under Paragraph 3 to all aliens already in immigration detention who Defendants "reasonably believe may be members of the class," ECF 112 at 28, by January 2, 2026, particularly with respect to aliens who have been transferred out-of-state. Meeting the requirements of Paragraph 3 involves a labor-intensive manual review and time-consuming coordination with ICE offices across the nation that cannot be accomplished within the fourteen-day time frame set forth in the Order and Judgment. Accordingly, Defendants respectfully request that the Court modify its Order and Judgment to extend the fourteen-day deadline to January 30, 2026.

In order to comply with this aspect of the Court's order, ICE Enforcement and Removal Operations (ERO) in Boston reports that it must conduct a preliminary search of all cases from October 30, 2025, to determine whether each alien's current case status falls within the class definition and that the data quality and integrity is accurate. Wesling Decl. ¶ 6. To identify and locate each alien that falls within the order's definition of a class member, ERO Boston reports that it must manually review its own detention population, as well as lists of aliens who have been transferred outside of ERO Boston's jurisdiction to determine the current case history of every potential class member. *See id.* In addition to identifying the initial detention authority of every potential class member, ERO Boston must further determine where the alien is located; whether the alien has been apprehended by an immigration enforcement agency at any border and released; whether the alien was placed into expedited removal proceedings; whether the alien has a criminal history that eliminates them from class membership; and/or whether the alien is subject to a final

5

order of removal. *Id.* To conduct each review, ERO reports that it must manually consult several databases, and review the related arrest reports and other relevant documentation to ascertain each alien's complete immigration and criminal history. *Id.* Once a potential class member is identified and located, coordination must occur with whichever ERO office maintains "docket control" over the potential class member such that service of the class notice and the phone call can be effectuated. *Id.* As such, there will need to be nationwide ERO coordination to ensure compliance with the notification process. *See id.* ERO Boston estimates that it must manually review 1,691 cases to determine whether and how to serve individual notice under Paragraph 3 of the Court's order. *Id.*

Defendants respectfully submit that this new evidence justifies relief from the timeline set forth in the judgment under Rule 59(e) or Rule 60(b)(6). Although Defendants previously asserted burden objections to serving individual notice, it was difficult for ICE to demonstrate the time and resources needed for serving notice on this particular population until Defendants knew the precise contours of the notice relief that would be granted by this Court. And the Court acknowledged at the December 17 hearing that operational nuances to implementing class notice could warrant a motion to modify those notice requirements. The Court's Order also acknowledges the burden objections raised by Defendants regarding reporting, *see* ECF 112 at 25, which concerns apply similarly to identifying and providing notice class members who were transferred outside of Massachusetts. Accordingly, given the labor-intensive nature of this process, Defendants seek a relatively brief extension of the timelines set by the Court for providing notice to aliens currently in immigration detention. Meanwhile, notice has been posted in detention facilities covered by the

6

Court's Order and is being served on new arrestees. *See* Wesling Decl. ¶¶ 3–4.

Specifically, Defendants request that Paragraph 3 be modified to read as follows:

<u>By January 30, 2026</u> ~~Within fourteen days~~, Defendants shall serve the notice on all noncitizens already in immigration detention who Defendants reasonably believe may be members of the class. The notice shall be in a language the noncitizen understands. Should Defendants not have the notice translated into a language the noncitizen understands, they shall secure an interpreter to translate the notice as soon as feasible.

### V.     CONCLUSION

Wherefore, Defendants respectfully request that the Court modify its judgment in accordance with the requests above, and as also set forth in the accompanying proposed order.

    Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST E. FLENTJE
*Special Counsel for Immigration Litigation*

<u>/s/ Katherine J. Shinners</u>
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation-GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-598-8259
katherine.j.shinners@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Katherine J. Shinners, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: December 26, 2025                            By: */s/ Katherine J. Shinners*
                                                                                         KATHERINE J. SHINNERS
                                                                                         United States Department of Justice