UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al., <br><br> Respondents-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 25-12664-PBS |

**JOINT SUBMISSION REGARDING**
**CLASS MEMBER IDENTIFICATION PROCEDURES**

In the motion for partial summary judgment, Petitioner-Plaintiff Jose Guerrero Orellana ("Plaintiff") requested certain procedures for identification of the class members to class counsel. *See* D.E. 90-1, 91. Respondents-Defendants ("Defendants") opposed those requests. *See* D.E. 95. In its December 19, 2025, Memorandum and Order (D.E. 112), the Court declined at that time to impose any class member identification and reporting requirements on the government and ordered the parties to file supplemental briefs by January 7, 2026. The Court also ordered the parties "to confer to see if they can reach any agreement" regarding identification and reporting procedures to class counsel. D.E. 112 at 25.

In the interim, the Defendants were ordered, pursuant to paragraph 3 of the Partial Final Judgment, to serve the class notice on "all noncitizens already in immigration detention who Defendants reasonably believe may be members of the class." D.E. 113 at 3. Defendants represent that this process is in progress, pursuant to the schedule set forth by the Court in its December 31, 2025, Order on the motion to alter the judgment. D.E. 123. The process necessarily entails

1

identifying the current detainees who the government reasonably believes may be members of the class, so that the notice can be served on them.

Separately, the Defendants were ordered, pursuant to paragraph 4 of the Partial Final Judgment, to serve the class notice "on all noncitizens who are newly arrested or detained by immigration officers and who Defendants reasonably believe may be members of the class" at "the time the noncitizen is processed." D.E. 113 at 4.  The class notice includes a field to identify the name and Alien number of the detainee who is being served, and Defendants are required to record such service and retain a copy of each notice. *Id.* at 4 & App'x.  Defendants represent that this process is now in place.

The parties have conferred and jointly propose the following procedures for class member identification to class counsel.  The proposed identification process, further described below, essentially involves disclosure to class counsel of certain identifying information concerning the persons identified by the government to receive the class notice under paragraph 3 and 4 of the Partial Final Judgment.

Specifically, the parties propose:

1. For persons in immigration custody that began on or before January 12, 2026, and who have been served with the class notice (whether under paragraph 3 or 4) and provided with telephone access, the government will provide class counsel with a list of such persons containing the following identifying information: (a) name; (b) alien number; and (c) current detention location.  The government will provide this list to class counsel on or before January 19, 2026.  If the government provides notice to any other persons within this category after January 12, 2026, it shall supplement the list within 7 business days after such notice is served.

2. For persons who enter immigration custody on or after January 13, 2026, and who are served with the class notice under paragraph 4, the government will provide class counsel with a list of such persons containing the following identifying information: (a) name; (b) alien number; (c) current detention location; and (d) date of most recent arrest by immigration authorities.  The government will provide this list for the first time on February 2, 2026, which is intended to include those served on or before January 26, 2026.  It will then provide the list every two weeks for a period of six months, after which it will provide the list once per month.  Each list may be, but need not be, presented as part of a single updated document also containing the prior lists.

The parties propose that these identification procedures be entered as an order of this Court. This proposal is without waiver of Defendants' objections to the judgment and notice requirements entered by the Court and any underlying rulings.

* * *

Separately, the parties also wish to advise the Court that a dispute has developed regarding the scope of the class membership criteria.  The Class Action Complaint was filed on September 22, 2025.  D.E. 10.  The Court certified the class on October 30, 2025.  D.E. 81.  The government contends that the temporal scope of the class begins on October 30 when the certification order issued, *see* D.E. 117 at 5, whereas Plaintiff contends the temporal scope of the class begins on September 22 when the class claims were filed.  *See* D.E. 122 at 5 n.1.  This dispute could impact, for example, the rights of a person who was arrested in Massachusetts after September 22, but whose physical custody and Immigration Court case were transferred to a location outside of New England before October 30.  The parties propose discussing this issue at the January 13, 2026, status conference.

| | |
|---|---|
| Respectfully submitted, | Dated: January 7, 2026 |
| Petitioner-Plaintiff, | Attorneys for Respondents-Defendants, |
| By his attorneys, | |

/s/ Christopher E. Hart
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST E. FLENTJE
*Special Counsel*

ELIANIS PEREZ
*Assistant Director*

NICOLE P. GRANT
*Senior Litigation Counsel*

/s/ Katherine J. Shinners
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation-GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-598-8259
4atherine.j.shinners@usdoj.gov

MICHAEL D. ROSS
ANGEL FLEMING
BRIAN SCHAEFFER
LAURIE WIESNER
*Trial Attorneys*

*and*

LEAH B. FOLEY
United States Attorney

ANUJ KHETARPAL

4

SangYeob Kim (admitted *pro hac vice*)
Chelsea Eddy (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION OF
NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan (admitted *pro hac vice*)
Max I. Brooks (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Annelise M. Jatoba de Araujo
(BBO # 669913)
ARAUJO & FISHER, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T : (617) 384-0088
F : (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner*

Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3658
Email: Anuj.Khetarpal@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: January 7, 2025            */s/ Christopher E. Hart*
                                                      Christopher E. Hart