**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al., <br><br> Respondents-Defendants. | Case No. 25-12664-PBS |

**PETITIONER-PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT**

In the January 7, 2026 Joint Submission Regarding Class Member Identification Procedures, the parties informed the Court that a dispute has developed regarding the temporal scope of the class. D.E. 126 at 3. Defendants addressed this issue in their January 12, 2026 Status Report. *See* D.E. 128 at 2 & n.1. They state essentially that they are not applying the notice procedures to people who met the class definition on or after September 22 (the date of the class complaint), but who the Defendants transferred away from New England before October 30 (the date of the class certification order). *See id.* The Defendants' position is not correct.

The class members' claims relate back to September 22, 2025 class complaint (D.E. 10). For example, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class" and "remains tolled for all members of the putative class until class certification is denied." *See, e.g.*, *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S.

1

345, 353-54 (1983) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1971)); *McDonald v. Sec'y of Health and Human Servs.*, 834 F.2d 1085, 1091 (1st Cir. 1987) (same). Here, this Court's class certification order did not deny certification to any persons who met the class criteria between September 22 and October 29. *See* D.E. 81 at 37. The order even mentions the September 22, 2025 date while defining the class. *See id.* And when the class moved for partial summary judgment, the class's brief expressly noted that it was moving on behalf of people "who fell within the class definition at or after the time of the filing of the class complaint on September 22, 2025, and who presently remain outside any of its exclusions." D.E. 91 at 19 n.8. The government did not object to that contention prior to the entry of judgment. Accordingly, the presently certified class and the present judgment encompass not only those people who met the class criteria on or after October 30, but also those who met the criteria between September 22 to October 29. The government should be including such people in its notice and identification procedures.

Cases cited by Defendants are not to the contrary. These cases say nothing about the legally operative date of a certified class; in fact, neither case dealt with a class that reached certification. *See Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001); *Nash v. CVS Caremark Corp.,* No. 09-079S, 2009 U.S. Dist. LEXIS 109437, at \*13 (D.R.I. Nov. 13, 2009).[1]

---

[1] *Nash* is actually about a collective action under the Fair Labor Standards Act. To the extent FLSA standards are analogous, courts in that context have expressly construed the date of the filing of the complaint to begin the operative claims period. *See, e.g., Clark v. Capital Vision Servs., LLC*, No. 22-cv-10236-DJC, 2022 U.S. Dist. LEXIS 130207, at \*12 (D. Mass. July 22, 2022) (rejecting defendant's argument that relevant FLSA period should be calculated based on the date of court's certification order).

Respectfully submitted,


*/s/ Christopher E. Hart*
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO # 680210)
Daniel L. McFadden (BBO # 676612)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
dmcfadden@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim (admitted *pro hac vice*)
Chelsea Eddy (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE

3

18 Low Avenue
Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan (admitted *pro hac vice*)
Max I. Brooks (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Annelise M. Jatoba de Araujo
(BBO # 669913)
ARAUJO & FISHER, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T: (617) 384-0088
F: (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner-Plaintiff and
Certified Class*

Dated: January 13, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: January 13, 2026                                    */s/ Gilleun Kang*
                                                         Gilleun Kang