UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

**REQUEST FOR STATUS CONFERENCE**

The parties appeared for a status conference on Tuesday, January 13, at 2:30 p.m. At that time, class counsel reported that early indications were that class members were receiving bond hearings in the Immigration Court in Massachusetts.

However, at 3:09 p.m. that same day—while the status conference was still in progress—Chief Immigration Judge Teresa L. Riley reportedly sent an email to all Immigration Judges. The email effectively instructed them not to comply with final declaratory judgments. It reportedly stated:

> *Maldonado Bautista* [the final declaration in the national bond hearing class action in California] is not a nationwide injunction and does not purport to vacate, stay, or enjoin *Yajure Hurtado*. Therefore, *Yajure Hurtado* remains binding precedent on agency adjudicators. For clarification, declaratory judgments differ from injunctions in that the former clarifies parties' legal rights and relationships without ordering specific action, while the latter is a court order compelling a party to do or stop doing a specific act. A declaratory judgment is not an equitable remedy and does not, by itself, have the effect of compelling specific action by a party.

A copy of the email, as published by the American Immigration Lawyers Association, is attached as Exhibit A.

Yesterday, class counsel began to receive multiple reports that Immigration Judge Christine Olson of the Chelmsford Immigration Court (who hears predominantly detained cases) was systematically denying bond hearing requests by people asserting membership in the *Guerrero Orellana* class. To justify the denials, IJ Olson essentially repeated the instructions from Chief IJ Riley. In one case, for example, IJ Olson stated on the record:[1]

> The Court finds that the Court does not have jurisdiction over the bond proceeding under *Yajure Hurtado*. [*Guerrero*] *Orellana* is a declaratory judgment, not an injunction. So bond is effectively denied today.

A declaration of class counsel Annelise Araujo, who was present in IJ Olson's court for an unrelated matter when she made this statement, is attached as Exhibit B.

After learning this information, class counsel contacted the government's counsel by telephone to inquire what was happening in Immigration Court. The government responded later in the day by electronic mail and appeared to endorse IJ Olson's actions:

> As to your discussion with [government counsel] earlier today, the government's position, as has been stated, is that the declaratory judgment is not coercive and its impact is at most in future federal-court litigation by class members—otherwise, it would be an injunction that runs afoul of 1252(f)(1). Indeed, the government repeatedly argued in opposition to class certification and elsewhere that this is one reason why a class-wide declaratory judgment doesn't meet Rule 23(b)(2) here, which position the Court acknowledged. ECF 81 at 33.

There is reason to believe that Immigration Judges across the country are also complying with Chief IJ Riley's instructions and are systematically denying bond hearings to class members.

---

[1] There is not yet a transcript of this ruling, but class counsel are in possession of an audio recording of the proceeding. The audio recording can be submitted if helpful to the court.

For example, in Laredo, Texas, an IJ issued this order yesterday against a person asserting their rights as a class member:

> The Court finds that it has no jurisdiction to entertain the instant bond request. The Court does not understand the District Court Order in *Guerrero-Orellano v. Munoz*, No. 25-cv-12664-PBS, 2025 to be an injunction or to vacate, stay, or enjoin the ruling in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The court finds that *Yajure Hurtado* strips the immigration courts of jurisdiction to consider bonds for aliens determined to be applicants for admission. The Respondent entered without inspection and is an applicant for admission. Therefore, the Court is bound by the BIA and must follow *Yajure Hurtado* as binding precedent.

A copy of this order is attached as Exhibit C.

In summary, it appears that the government has deliberately and systematically instructed every Immigration Judge in the country not to comply with final declaratory judgments issued by Article III courts. And it appears that IJs are following that instruction, including for class members in this case.

The government's noncompliance with this Court's partial final judgment is even more troubling in light of the fact that the government has not attempted to avail itself of any appellate relief from that judgment. Indeed, the government has not even noticed an appeal from the partial final judgment. And the judgment has certainly not been stayed, vacated, reversed, or in any way disturbed by any appellate Court.

The Court reserved judgement on the remaining counts in this case—including the APA claim seeking vacatur of *Yajure Hurtado*—pending evidence of whether a declaratory judgment would be sufficient to resolve the parties' dispute. *See* Class. Cert. Order (D.E. 81) at 10 ("The Court will address whether the class should be certified with regard to Guerrero Orellana's due process and APA claims at a later stage should it become necessary to do so to resolve this case."). In light of the government's actions, class counsel anticipate requesting a schedule to proceed with

one or more remaining claims. Given that the Court has already ruled that the affected persons meet the criteria for class certification, and has already rejected *Yajure Hurtado* as contrary to law, counsel anticipate seeking expedited resolution of the claim.

Respectfully submitted,

*/s/ Christopher E. Hart*
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO # 680210)
Daniel L. McFadden (BBO # 676612)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
dmcfadden@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim (admitted *pro hac vice*)

Chelsea Eddy (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan (admitted *pro hac vice*)
Max I. Brooks (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Annelise M. Jatoba de Araujo
(BBO # 669913)
ARAUJO & FISHER, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T: (617) 384-0088
F: (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner*

Dated: January 16, 2026

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: January 16, 2026                                       */s/ Gilleun Kang*
                                                                                        Gilleun Kang