Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOSE ARNULFO GUERRERO ORELLANA, )
on behalf of himself and others similarly situated, )
                                                                          Petitioner-Plaintiff, )
                                                                          ) Case No. 25-12664-PBS
v. )
  )
ANTONE MONIZ, Superintendent, Plymouth )
County Correctional Facility, et al., )
  )
                                                       Respondents-Defendants. )

## AFFIDAVIT OF ANNELISE ARAUJO, ESQ.

I, Annelise M. Jatoba de Araujo do hereby swear and affirm:

The following statements are based on my personal observation or knowledge.

1. I am a member in good standing of the Massachusetts bar and am counsel for Mr. Jose Arnulfo Guerrero Orellana in his removal proceedings before the Executive Office of Immigration Review and before this Court. I have been practicing routinely in the Immigration Court since 2007.

2. On the morning of January 15th, 2025, I was present via Webex video in the courtroom of Immigration Judge Christine Olson at the Chelmsford Immigration Court. It is my understanding that IJ Olson hears predominantly detained cases, and she was hearing a series of detained cases that morning.

3. While waiting for my client's matter to be called I observed multiple bond hearings. Among others, both Attorneys Susan Zak and Attorney Sara Nael had consecutive hearings for different respondents who were both asserting the right to a bond hearing as class members in this action.

1

4. At the start of both bond hearings, IJ Olson indicated that the Department of Homeland Security had filed paperwork arguing that the Immigration Court did not have jurisdiction to hold a bond hearing.

5. Both attorneys argued that the court does have jurisdiction because the detainees were class members in this action.

6. In both matters IJ Olson ruled, in substance, that the Court did not have jurisdiction because of Matter of Yajure-Hurtado, and that this class action does not apply because this Court issued a declaratory judgment not an injunction.

7. Off the record in between matters IJ Olson asked if there were any attorneys present who were requesting a withdrawal of their bond requests. In context with the prior rulings, the clear import of these statements was that IJ Olson would not be providing bond hearings due to Matter of Yajure Hurtado, rendering those requests futile.

8. During the portion of the session I observed, I did not observe IJ Olson proceed with a bond hearing for any person asserting rights as a class member in this case.

9. I subsequently contacted attorneys Zak and Nael to request documentation and audio recordings concerning the IJ's denial of their requests for bond hearings for their clients. They provided me with information, including certain audio recordings of their proceedings.

Signed under the pains and penalties of perjury, this 15th of January 2025,

*[signature]*

Annelise M. J. de Araujo, Esq.