# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth Correctional Facility;<br><br>Respondents-Defendants. | Civil Action No. 1:25-cv-12664-PBS |

## OPPOSITION TO MOTION FOR CLARIFICATION

Defendants-Respondents (the Government) submit this opposition to Petitioner's "Motion for Clarification of the Court's Orders Concerning Class Membership and Notice" (ECF 131). Petitioner asks the Court to order that the temporal scope of the certified class begins on September 22, 2025, and thus includes individuals who were detained in the relevant region on or after September 22, 2025, and before October 30, 2025, the date the class was certified by the Court. The Government understands the Court intends to grant the requested change, as stated at the January 13, 2026, status conference.

The Government respectfully objects to the change and submits this opposition to preserve its objections. An expansion of the scope of the class in this manner would bring in detainees who were detained and transferred out of the region (and thus outside of the class definition) well before the class was certified and took on any independent legal character that could provide this Court with arguable jurisdiction over claims seeking a declaratory judgment concerning the legality of class members' detention without a bond hearing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that habeas jurisdiction lies only in the district of confinement); *cf. Cruz v. Farquharson*, 252 F.3d 530, 534 (1st Cir. 2001) ("Only when a class is certified does the class

acquire a legal status independent of the interest asserted by the named plaintiffs."); *Nash v. CVS Caremark Corp.*, No. 09-cv-079S, 2009 WL 5863463, at *4 (D.R.I. Nov. 13, 2009) (explaining that class allegations were not "legally operative" before certification).

Additionally, an expansion of the scope of the class increases the Government's burden to identify potential class members for service of notice under Paragraph 3 of this Court's class notice requirements. *See* ECF 113 at 3–4 (setting forth requirement to serve class notice); ECF 117 at 5–6; ECF 118 at ¶ 6. In addition to the 1,691 cases already reviewed, the Government will need to now review cases of those who were previously detained in the relevant geographic area but were transferred out of that area from September 22 through October 29, 2025, in order to meet the notice requirements as to an expanded class. *See* ECF 118 at ¶ 6 & ECF 128-1 at ¶ 3 (detailing tasks to identify potential class members for service of class notice under Paragraph 3). However, if the Court grants Petitioner's Motion, as forecast, the Government believes that 21 days is a reasonable timeline for completing service of notice on the additional potential class members that are identified as a result of this additional review.

Dated: January 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST E. FLENTJE
*Special Counsel*

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-598-8259
katherine.j.shinners@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Katherine J. Shinners, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: January 20, 2026                        */s/ Katherine J. Shinners*
                                               KATHERINE J. SHINNERS
                                               *Senior Litigation Counsel*
                                               U.S. Department of Justice