UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA,<br>on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

**RESPONSE TO COURT ORDER**

At the January 20, 2026 status conference, the Court ruled that it would issue an amended notice to the class and ordered the parties to submit a proposed amended notice by Friday, January 23, 2026, either jointly or separately. *See* Clerk's Notes (D.E. 140); *see also* January 21, 2026 Order (D.E. 144).

The parties state their respective positions below. Petitioner, on behalf of the class, has attached a proposed order and second notice. Respondents-Defendants object to updating the notice or notice requirements but also submit a proposed order and second notice.

1. Petitioner's Statement

Since the status conference earlier this week, it appears the situation in the Immigration Court has continued to deteriorate. For example, on January 20, Immigration Judge Nina Froes refused to conduct bond hearings for multiple apparent class members because "[t]he agency has instructed" that *Hurtado* "remains binding precedent on adjudicators." *See* Decl. of Caroline Casey; Decl. of Molly McGee. The Department of Justice appears to be reassigning those few Immigration Judges still giving bond hearings to class members: one of them, Immigration Judge

Yul-mi Cho in Chelmsford, appears to have been abruptly removed from all of her detained cases earlier this week. *See* Decl. of Robert Warren;[1] Decl. of Kira Gagarin; Decl. of Annelise Araujo. The Department of Justice appears to be systematically violating the rights of the class members as articulated in the Court's final declaration, as well as the judicial independence of the Immigration Judges. *See* 8 C.F.R. § 1003.10 ("[I]mmigration judges shall exercise their independent judgment. . . ."). This course of action leaves the class members with little choice but to file habeas petitions as quickly as possible to avoid prejudicial delays and vindicate their rights.

Accordingly, the Court's ruling that it will issue an additional notice remains justified, including to ensure that class members are accurately informed of the situation and to effectuate the declaratory judgment. *See* 28 U.S.C. § 2202. Plaintiff has prepared a proposed order and second notice, which are enclosed. The proposed order would require the second notice be provided to newly notified class members, as well as to previously notified class members as they are denied bond hearings. The government would be required to provide translations and phone access, as it did for the prior notice. Additionally, given the large number of unrepresented class members, the high volume of habeas petitions that will be required, and the relatively pro forma process anticipated for deciding such petitions (at least where class membership is uncontested), the proposed second notice includes a template habeas petition that the class member may file, if they choose. The federal courts routinely provide litigants with a general template for § 2241

---

[1] The names and A numbers of detainees have been redacted from Attorney Warren's declaration. The unredacted declaration could be submitted under seal, if requested.

habeas petitions,[2] and this modified template merely provides a simplified form to ensure that the class members' claims are presented clearly to the court for rapid processing.[3]

2. Respondents-Defendants' Statement

Respondents-Defendants (Defendants) respectfully object to any additional notice requirements beyond those already imposed. The current class notice requirements already provide potential class members with class counsel's contact information and telephone access, which should be sufficient to enable potential class members to learn of their ability to bring habeas petitions. Defendants also note that they have not had the opportunity to review or respond to the new declarations concerning post-January 20 alleged events cited by Petitioner, *supra*. However, reserving all objections to the Court's partial final judgment (Dkt. Nos. 112, 113) and to those requirements, the Government submits a competing proposed order and form of new proposed class action notice. Defendants' Exhibit A attached hereto is Defendants' proposed order and notice; Defendants' Exhibit B is a redline showing the revisions from Petitioner's proposed notice.

The Government does, however, have several specific objections to and concerns with Petitioner's proposed order and notice, as reflected in its own proposal.

*First*, the Government objects to Petitioner's characterization of the effect of the declaratory judgment and of the actions of any Respondent in this matter.

*Second*, Defendants already have procedures in place under which U.S. Immigration and Customs and Enforcement (ICE) serves notice on new arrestees and those who were already in detention. *See, e.g.*, Dkt. Nos. 118, 128. Defendants thus respectfully request that any updated

---

[2] Form AO 242, https://www.uscourts.gov/sites/default/files/AO_242_0.pdf.

[3] Class counsel are currently exploring whether a third-party bail fund or similar fund could collectively pay the $5 filing fees for these petitions on a periodic basis (at least in New England), as the class members will be jailed and may not have practical access to funds.

notice form be provided only prospectively to new arrestees under Paragraph 4 or those detainees who remain to be served under Paragraph 3 in accordance with the Court's recent order concerning the temporal scope of the class (Dkt. No. 144). Petitioner proposes numerous additional requirements to re-serve class members with an updated notice, which are likely to impose significant operational difficulties on ICE and the Executive Office for Immigration Review (EOIR). *See* Pet'r Proposed Order ¶¶ 1(b)-(d), 3, 5–9. If the Court determines that updated notice is required to class members who have already been served with notice and were or are subsequently denied bond hearings, it should be class counsel's responsibility to provide any updated notice to those individuals. The "general rule" is that "the representative plaintiff should perform" the "particular tasks necessary to send the class notice." *Oppenheimer Fund, Inc.*, 437 U.S. 340, 356 (1978); *see also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1236–37 (9th Cir. 1999) (extending this rule to a Rule 23(b)(2) class action). Here, class counsel have access to a list of potential class members who have been served with the prior notice, along with their detention location.

Requiring Defendants to go back and re-serve with class notice those who were denied bond hearings on jurisdictional grounds would impose significant additional burdens, including requiring them to manually review and interpret database information about bond hearings for potentially hundreds of detainees previously served. Petitioner's proposal that notice be served at the immigration court would impose substantially new requirements on ICE or EOIR that would be redundant of ICE's service efforts. Indeed, service of notice (including any language and telephone access requirements) is currently being implemented by ICE in a booking area or in an immigration detention facility. If any Defendant were required to serve notice at the immigration court, this would impose unnecessary and duplicative requirements to be executed by new

categories of employees that would extend well outside this district and would create significant operational problems. For example, Defendants cannot guarantee the availability of telephone access nor access to an appropriate interpreter if the notice is not written in a language that the potential class member understands.

*Third*, Defendants object to including a template habeas petition with the class notice or providing detailed information about filing a habeas petition, as that would improperly put Defendants and the Court in the position of providing legal advice to class members. Additionally, the proposed template suffers from other infirmities, because it does not require the petitioner to identify their custodian with certainty and fails to include a field for factual allegations that would demonstrate that the petitioner falls within the class definition, containing only legal conclusions. Using this template could encourage the filing of defective habeas petitions in the district courts. Finally, habeas petitions may only be filed in English, so providing potential class members with template habeas petition translated into other languages is improper.

*Fourth*, Defendants note that the Proposed Order should provide adequate lead time—ten days—for Defendants to translate the notice into Portuguese, Spanish, and Haitian Creole. *Fifth*, any new class notice should retain the language from this Court's prior order stating that its recipient "may be" a class member. As previously explained, Defendants cannot guarantee that each person served with class notice is in fact a class member, and facts may be later discovered that demonstrate that the individual is subject to detention under another detention authority.

**Respectfully submitted,**

| | |
|---|---|
| Petitioner-Plaintiff, | Attorneys for Respondents-Defendants, |
| By his attorneys, | |

/s/ Daniel L. McFadden
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim (admitted *pro hac vice*)
Chelsea Eddy (admitted *pro hac vice*)

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST E. FLENTJE
*Special Counsel*

/s/ Katherine J. Shinners
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation-GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-598-8259
6atherine.j.shinners@usdoj.gov

MICHAEL D. ROSS
ANGEL FLEMING
LAURIE WIESNER
*Trial Attorneys*


and

LEAH B. FOLEY
United States Attorney

ANUJ KHETARPAL
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3658
Email: Anuj.Khetarpal@usdoj.gov

*Attorneys for Defendants*

AMERICAN CIVIL LIBERTIES UNION OF
NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan (admitted *pro hac vice*)
Max I. Brooks (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Annelise M. Jatoba de Araujo
(BBO # 669913)
ARAUJO & FISHER, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T : (617) 384-0088
F : (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner*

Dated: January 23, 2026

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: January 23, 2026　　　　　　　　　　　*/s/ Daniel L. McFadden*
　　　　　　　　　　　　　　　　　　　　　Daniel L. McFadden