UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, <br> On behalf of himself and others similarly situated, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al., <br><br> Respondents-Defendants. | Case No. 25-12664-PBS |

## AFFIDAVIT OF MOLLY MCGEE

I, Molly McGee, do hereby swear and affirm:

The following statements are based on my personal observation or knowledge.

1. I am a member in good standing of the Massachusetts bar, and I practice regularly in Immigration Court.

2. On January 10, 2026, I filed a motion for bond redetermination for a class member in this action with the Chelmsford Immigration Court. The Chelmsford Immigration Court scheduled his bond hearing with Immigration Judge Nina Froes for January 20, 2026.

3. On the morning of January 20, 2026, I represented the class member in the bond hearing before Immigration Judge Froes. I argued that Immigration Judge Froes had jurisdiction to conduct the bond hearing based on this Court's declaratory judgment decision on December 19, 2025. The Department of Homeland Security argued that Immigration Judge Froes did not have jurisdiction based on the Board of Immigration Appeals decision in *Matter of Yajure Hurtado*.

4. In response, Immigration Judge Froes stated: "Let me read my guidance. The agency has instructed that the rulings issued on December 19, 2025 by the District Court for the District of Massachusetts in *Guerrero-Orellana v. Moniz* do not operate as an injunction and does not purport to vacate, stay, or enjoin *Yajure Hurtado*. Therefore, *Yajure Hurtado* remains binding precedent on agency adjudicators. Based upon this guidance, the Court finds that it does not have jurisdiction to conduct this bond hearing."

5. Immigration Judge Froes then issued a written order that states as follows: "The Court does not have jurisdiction to conduct a bond hearing. The rulings issued on December 19, 2025, by the U.S. District Court for the District of Massachusetts in *Guerrero-Orellana v. Moniz* (No. 25-2152), do not operate as an injunction and does not purport to vacate, stay, or enjoin *Yajure Hurtado*. Therefore, *Yajure Hurtado* remains binding precedent on agency adjudicators." A true and correct copy of Immigration Judge Froes's order is attached to this declaration.

Signed under the pains and penalties of perjury, this 21st of January 2026,

*/s/ Molly McGee*

Molly McGee



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
CHELMSFORD IMMIGRATION COURT

Respondent Name: ▮

To:
McGee, Molly Marian
385 Broadway
Suite 303
Revere, MA 02151

A-Number: ▮

Riders:
In Custody Redetermination Proceedings

Date:
01/20/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
The Court does not have jurisdiction to conduct a bond hearing. The rulings issued on December 19, 2025, by the U.S. District Court for the District of Massachusetts in Guerrero-Orellana v. Moniz (No. 25-2152), do not operate as an injunction and does not purport to vacate, stay, or enjoin Yajure Hurtado. Therefore, Yajure Hurtado remains binding precedent on agency adjudicators.

☐ Granted. It is ordered that Respondent be:
  ☐ released from custody on his own recognizance.
  ☐ released from custody under bond of $
  ☐ other:

☐ Other:

Immigration Judge: FROES, NINA 01/20/2026

Appeal:  Department of Homeland Security: ☑ waived  ☐ reserved
         Respondent: ☐ waived  ☑ reserved
Appeal Due: 02/19/2026

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : ▮▮▮▮▮▮▮▮▮▮ | A-Number : ▮▮▮▮▮▮
Riders:
Date: 01/20/2026 By: Files, Liam, Court Staff