UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA,<br>On behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

### AFFIDAVIT OF CAROLINE CASEY

I, Caroline Casey, do hereby swear and affirm:

The following statements are based on my personal observation or knowledge.

1. I am a third-year law student at Harvard Law School. I am a clinical student in the Harvard Immigration and Refugee Clinical Program, where I work under the supervision of Sabrineh Ardalan (BBO# 706806) and Sameer Ahmed (BBO# 688952).

2. On the morning of January 20, 2026, I was present via Webex video in the courtroom of Immigration Judge Nina Froes at the Chelmsford Immigration Court as a student observer. While present in the Webex courtroom, I observed bond hearings for respondents asserting the right to be heard as class members in this action.

3. In approximately four bond hearings that I observed on the morning of January 20, 2026, Respondents' counsel had argued that the Immigration Judge had jurisdiction over the bond hearing because their clients were class members in this action. In every case, Immigration Judges Froes ruled that she lacked jurisdiction because Immigration Judges are instructed to follow the Board's decision in *Matter of Yajure Hurtado* as binding precedent despite

   the declaratory judgment decision in this class action and ruled that she could not proceed with the bond hearing because she lacked jurisdiction.

4. While I was present in the courtroom, I did not observe Immigration Judge Froes proceed with a bond hearing for any person asserting their rights as a class member in this case.

Signed under the pains and penalties of perjury, this 20th of January 2026,

*/s/ Caroline Casey*

Caroline Casey