UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**STATEMENT OF UNCONTROVERTED FACTS**

I. **Defendants' Historical Practice and New Policy**

1. The Immigration and Nationality Act (INA) provides for the detention of certain noncitizens, including under 8 U.S.C. § 1226(a) and § 1225(b)(2)(A).

    a. 8 U.S.C. § 1226(a); *id.*, § 1225(b)(2)(A).

2. Detention under 8 U.S.C. § 1226(a) allows for release on bond by immigration authorities, *see* 8 C.F.R. 236.1(c)(8), and a "custody redetermination"—also known as a bond hearing—before an immigration judge (IJ) in the event the immigration authorities deny bond, *see* 8 C.F.R. § 1236.1(d).

    a. 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(c)(8), 1236.1(d).

3. By contrast, detention under 8 U.S.C. § 1225(b)(2)(A) is mandatory and provides no right to a bond hearing. A person detained pursuant to this subparagraph may only be released if an immigration officer grants humanitarian parole under 8 U.S.C. § 1182(d)(5).

    a. 8 U.S.C. § 1225(b)(2)(A); *id*. § 1182(d)(5).

4. Prior to a May 22, 2025, unpublished Board of Immigration Appeals (BIA or Board) decision and a July 8, 2025 Immigration and Customs Enforcement's (ICE) detention directive, Defendants Department of Homeland Security (DHS) and ICE detained noncitizens who entered the United States without inspection and who were not apprehended while arriving at the border and continuously detained under 8 U.S.C. § 1226(a), unless that person was subject to the expedited removal provisions of 8 U.S.C. § 1225(b)(1) or the detention provisions of § 1226(c) or § 1231.

    a. Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997); 8 C.F.R. § 1003.19(h)(2); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 803-04 (B.I.A 2020); Exhibit A to Hart Decl. (unpublished BIA decisions applying § 1226(a) to persons who entered without inspection).

5. This practice has been consistent during the nearly thirty years that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) has been in effect.

    a. Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997); 8 C.F.R. § 1003.19(h)(2); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 803-04 (B.I.A 2020); Exhibit A to Hart Decl. (unpublished BIA decisions applying § 1226(a) to persons who entered without inspection).

6. Under the law in effect prior to IIRIRA, any person physically inside the United States who faced removal (unless the person had been paroled at the border) was placed in "deportation" proceedings and was considered detained under 8 U.S.C. § 1252(a) (1994), which provided authority to release on bond. Separately, "exclusion" proceedings covered those who arrived at U.S. ports of entry and had never entered the United States. These proceedings had their own detention scheme. *See* 8 U.S.C. § 1225 (1994); *id*. § 1226 (1994).

    a.  8 U.S.C. § 1225 (1994); *id*. § 1226 (1994); 62 Fed. Reg. 10312; *Martinez v. Hyde*, No. 25-11613, 2025 U.S. Dist. LEXIS 141724, at *12 n.9 (D. Mass. July 24, 2025).

7. IIRIRA's legislative history states that 8 U.S.C. § 1226(a) "restates the [then-] current provisions in [8 U.S.C. § 1252(a)(1) (1994)] regarding the authority of the Attorney General to arrest, detain, and release on bond an alien who is not lawfully in the United States." H.R. Rep. No. 104-469, at 229 (1996).

    a.  H.R. Rep. No. 104-469, at 229 (1996).

8. Shortly after IIRIRA's enactment, the Immigration and Naturalization Service (INS) and Executive Office for Immigration Review (EOIR) stated: "Despite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

    a.  Inspection and Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

9. On July 8, 2025, the Acting Director of ICE, Todd Lyons, issued a memorandum entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission" ("July 8, 2025 ICE Memorandum") which states: "This message serves as notice that DHS, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities."

    a.  D.E. 93-2.

10. The July 8, 2025 ICE Memorandum further states: "An 'applicant for admission' is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235 (a)(1). Effective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA 212(d)(5) parole."

    a.  D.E. 93-2.

11. The July 8, 2025 ICE Memorandum further states: "These aliens are also ineligible for a custody redetermination hearing ('bond hearing') before an immigration judge and may not be released for the duration of their removal proceedings absent a parole by DHS. . . . The only aliens eligible for a custody determination and release on recognizance, bond, or other conditions under INA § 236(a) during removal proceedings are aliens admitted to the United States and chargeable with deportability under INA § 237, with the exception of those subject to mandatory detention under INA § 236(c)."

    a.  D.E. 93-2.

12. On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a precedential decision, *Matter of Yajure Hurtado* ("*Yajure Hurtado*"), which makes this policy legally binding on all IJs. 29 I. & N. Dec. 216 (B.I.A. 2025).

    a.  *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

13. In *Yajure Hurtado*, the BIA stated that "aliens who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." This decision mandates the classification of all "applicants for admission" as subject to mandatory detention without a right to a bond hearing.

    a. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

## II. Plaintiff Jose Arnulfo Guerrero Orellana

14. Mr. Guerrero Orellana resides in Massachusetts.

    a. D.E. 93-1, Declaration of Annelise Araujo, Esq. D.E. 16 ("Araujo Decl."), ¶ 4.

15. Mr. Guerrero Orellana has resided in the United States since 2013.

    a. Araujo Decl., ¶ 4.

16. Mr. Guerrero Orellana resides in Massachusetts with his family, including his one-year-old daughter who is a United States citizen.

    a. Araujo Decl., ¶ 4.

17. Mr. Guerrero Orellana has no criminal history.

    a. Araujo Decl., ¶ 8.

18. Mr. Guerrero Orellana had not had any contact with the immigration authorities prior to his most recent arrest.

    a. Araujo Decl., ¶ 7.

19. On or about September 18, 2025, Mr. Guerrero Orellana was arrested by immigration authorities inside the United States and taken into ICE custody at the Plymouth County Correctional Facility.

    a. Araujo Decl., ¶¶ 5-6.

20. The government alleged he entered the United States without inspection or parole.

    a. Araujo Decl., ¶ 10.

21. Thereafter, ICE issued him a Notice to Appear, charging him with being "present in the United States" without admission or parole.

    a. Araujo Decl., ¶ 10.

22. On September 18, 2025, Mr. Guerrero Orellana filed a habeas petition under 28 U.S.C. § 2241 challenging the legality of his ongoing detention without a bond hearing.

    a. D.E. 1.

23. On October 3, 2025, the Court issued a preliminary injunction requiring the government to release Mr. Guerrero Orellana unless he was provided with a bond hearing before an immigration judge within seven business days.

    a. D.E. 54.

24. On October 9, 2025, an immigration judge held a bond hearing and ordered Mr. Guerrero Orellana released on bond of $3,500.

    a. D.E. 68-1.

25. Mr. Guerrero Orellana posted bond the following day and was released from custody.

    a. D.E. 68-1.

### III. Developments Following This Court's Grant of Declaratory Relief

26. On December 19, 2025, this Court awarded a partial declaratory judgment in favor of Petitioner and declared, among other things, that "members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2)" and "subjecting members of the certified class to detention [] without consideration for bond and a custody redetermination (i.e., bond) hearing is unlawful."

    a. D.E. 112 at 26-27.

27. On January 13, 2026, Chief Immigration Judge Teresa L. Riley emailed all assistant chief immigration judges, stating: "Please provide the following guidance to all Immigration Judges forthwith: *Maldonado Bautista* is not a nationwide injunction and does not purport to vacate, stay, or enjoin *Yajure Hurtado*. Therefore, *Yajure Hurtado* remains binding precedent on agency adjudicators."

    a. D.E. 134-1.

28. Judge Riley's January 13, 2026 email further stated: "For clarification, declaratory judgments differ from injunctions in that the former clarifies parties' legal rights and relationships without ordering specific action, while the latter is a court order compelling a party to do or stop doing a specific act. A declaratory judgment is not an equitable remedy and does not, by itself, have the effect of compelling specific action by a party."

    a. D.E. 134-1.

29. On January 14, 2026, Immigration Judge Melissa Garcia of the Laredo Immigration Court denied a bond hearing to a person seeking to assert their rights as a member of the certified class in this action, stating: "The Court finds that it has no jurisdiction to entertain the instant bond request. The Court does not understand the District Court Order in Guerrero-Orellano v. Munoz, No. 25-cv-12664-PBS, 2025 to be an injunction or to vacate, stay, or enjoin the ruling in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The court finds that Yajure Hurtado strips the immigration courts of jurisdiction to consider bonds for aliens determined to be applicants for admission. The Respondent entered without inspection and is an applicant for admission. Therefore, the Court is bound by the BIA and must follow Yajure Hurtado as binding precedent."

    a. D.E. 134-3.

30. On January 15, 2026, Immigration Judge Christine Olson of the Chelmsford Immigration Court denied bond hearings to two members of the class certified in this action, "rul[ing], in substance, that the Court did not have jurisdiction because of Matter of Yajure-Hurtado, and that this class action does not apply because this Court issued a declaratory judgment not an injunction."

  a. D.E. 134-2 ¶¶ 2-6.

31. On January 20, 2026, Immigration Judge Nina. J. Froes in the Chelmsford Immigration Court denied bond hearings to multiple class members based on the instructions contained in the Chief Immigration Judge's email.

  a. Affidavit of Molly McGee ("McGee Aff."), D.E. 147 ¶¶4-5; Affidavit of Caroline Casey ("Casey Aff."), D.E. 148 ¶¶3-4.

32. Immigration Judge Yulmi Cho was providing bond hearings to class members. One or around January 20, 2026, the Department of Justice reassigned her off of the detained docket.

  a. Declaration of Robert M. Warren ("Warren Decl."), D.E. 149 ¶¶5-12; Declaration of Kira Gagarin ("Gagarin Decl."), D.E. 150; Declaration of Annelise Araujo (Jan. 23, 2026), D.E. 151 ("Araujo Jan. 23 Decl.") ¶¶3-5.

33. On January 27, 2026, Immigration Judge Huy Le, who has recently been assigned to handle bond cases previously assigned to Immigration Judge Cho, stated that he will be denying bond requests for lack of jurisdiction absent a habeas order for the specific case ordering that a bond hearing be held. Individuals who did not have a habeas order were not able to proceed with the merits of the bond hearing, and Immigration Judge Le instructed these individuals to file a habeas petition if they wanted him to hold a bond hearing.

  a. Declaration of Kira Gagarin (Jan. 27, 2026), ¶¶4-8.

34. The government does not dispute that immigration judges have been instructed to ignore declaratory relief requiring bond hearings and, instead, to continue to follow *Yajure Hurtado*.

  a. Jan. 20, 2026 Tr. at 9, 1-12.

Respectfully submitted,


*/s/ Christopher E. Hart*
Anthony D. Mirenda (BBO #550587)
Christopher E. Hart (BBO # 625031)
Gilleun Kang (BBO #715312)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO # 680210)
Daniel L. McFadden (BBO # 676612)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
dmcfadden@aclum.org
jbava@aclum.org

My Khanh Ngo (admitted *pro hac vice*)
Michael K.T. Tan (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim (admitted *pro hac vice*)
Chelsea Eddy (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue

6

Concord, NH 03301
Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan (admitted *pro hac vice*)
Max I. Brooks (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Annelise M. Jatoba de Araujo
(BBO # 669913)
ARAUJO & FISHER, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T: (617) 384-0088
F: (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner-Plaintiff and Certified Class*

Dated: January 27, 2026

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: January 27, 2026               */s/ Gilleun Kang*
                                    Gilleun Kang