UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents-Defendants. | Case No. 25-12664-PBS |

**DECLARATION OF KIRA GAGARIN IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Kira Gagarin, do hereby swear and affirm:

1. I have practiced immigration and nationality law since 2010. I am a member in good standing of the Massachusetts Bar.

2. I have appeared before the Executive Office of Immigration Review hundreds of times, and I practice regularly before the Chelmsford Immigration Court.

3. Today, January 27, 2026, was my first appearance before Immigration Judge Huy Le. He has recently been assigned to handle Bond Redetermination Requests at the Chelmsford Immigration Court.

4. This case was previously assigned to Immigration Judge Yulmi Cho but it was reassigned last week, with no notice or explanation of the reassignment, as were all of Judge Cho's bond cases, it seems. It was scheduled for 1/26/2026 but rescheduled to 1/27/2026 due to the Court being closed yesterday as a result of a snow storm. I did receive digital notice of that reschedule date.

5. At todays docket, Judge Le read out an introduction for all parties acknowledging the ongoing litigation regarding bonds and mandatory detentions, specifically for those who entered the United States without inspection. He stated that he will be following the January 16, 2026 guidance from Chief Immigration Judge Teresa Riley, holding Matter of Yajure Hurtado to be binding on him.

6. He advised attorneys that, absent a Habeas order for the specific case ordering a bond hearing be held, he will be finding that he does not have jurisdiction to proceed on bond requests for those that entered the United States without inspection (those who fall under Yajure Hurtado). He stated that he would allow Counsels to withdraw bond requests if they wish to seek a Habeas order to allow him to hear the matter.

7. My case was not affected by this announcement as my client had both a pending habeas matter and also entered the United States with a student visa back in 2015. My client was granted a $1,500 Bond.

8. Many attorneys had pending Habeas cases for their bond requests and were able to proceed, with the IJ assuming jurisdiction. The ones that did not have a Habeas order to have a Bond hearing were not able to proceed with the merits of the bond hearing as Judge Le stated he did not have jurisdiction due to Chief Immigration Judge Riley's nationwide guidance sent to all judges on January 16, 2026, which he stated he was going to follow at the bond

hearings before him. He instructed those people to file Habeas Petitions for each case if they wanted him to hold a bond hearing and to refile once Habeas order exists. He allowed withdrawing of bond requests for that purpose.

Signed under the pains and penalties of perjury, this 27th day of January 2026

*[signature]*  01/27/2026.

Kira Gagarin, Esq.