UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, <br><br> Petitioner-Plaintiff, <br><br> v. <br><br> ANTONE MONIZ, Superintendent, Plymouth Correctional Facility; <br><br> Respondents-Defendants | No: 1:25-cv-12664-PBS |

[PROPOSED] PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION

Upon consideration of the Parties' Joint Motion for a Stipulated Protective Order, it is hereby ORDERED that:

1. The Court's January 16, 2026, Order regarding class member identification procedures (D.E. 136) requires the disclosure of information about class members and potential class members in this action by Defendants to class counsel. Certain of that information may be subject to privacy and special confidentiality provisions under applicable federal laws or regulations, including but not limited to 5 U.S.C. § 552a, 8 U.S.C. § 1367, 8 U.S.C. § 1254a, and 8 C.F.R. §§ 208.6, 1208.6. This Order authorizes disclosure, under the terms provided herein, of such materials.

2. For disclosures made pursuant to the Court's January 16, 2026, Order regarding class member identification procedures (D.E. 136), the potential class members' names and Alien Numbers are Personally Identifiable Information (PII) that shall be treated as "Confidential" pursuant to this Order. The other information contained therein, including aggregate information concerning the number of potential class members identified by Defendants, locations of their

1

detention, and dates of arrest, shall not be treated as "Confidential" under this Order so long as any further disclosure of such information by the recipient does not also include the name or Alien Number of the class member to whom such information refers; otherwise such information shall be treated as "Confidential" under this Order.

    3.    Access to information designated "Confidential" by Defendants pursuant to section 2 above (hereinafter "Confidential Information") shall be limited to:

    a.    Class Counsel, their in-house and external counsel (e.g., internal or outside general counsel), and their employees, contractors, agents, and volunteers assisting in the conduct of the Litigation;

    b.    Petitioner, provided he executes an acknowledgment in the form of Exhibit A hereto and makes reasonable efforts to delete and/or return any confidential information to Class Counsel no later than 30 days after final termination of this Action (including the exhaustion of any appeals or further review);

    c.    Individual potential class members, their counsel, their prospective counsel, their family members, and (with the individual potential class member's consent) legal organizations, lawyers, and law firms working to connect class members with prospective counsel, but only to the extent the information disclosed relates to the particular individual class member at issue. (For example: A class member and/or his or her immigration counsel may be told that the class member's name and Alien Number appears on the list produced by Defendants; a class member's information may be released to prospective habeas counsel for intake and conflicts purposes; and a class member's information may be released to legal organizations such as the Massachusetts Law Reform Institute, the MIRA Coalition, the PAIR Project,

and to lawyers and law firms assisting such organizations, for the purpose of connecting class members with prospective habeas or other counsel). A class member's confidential information may not be released to another class member, except as may otherwise be provided in this Order;

d. Contractors engaged by the parties and/or their counsel to furnish technical, interpretive, translation, or other expert services, including, for example, interpreters providing telephonic and in-person interpretation services to facilitate communication between class counsel and the class members;

e. The Court and court employees, court reporters, and stenographic reporters; and

f. Any other person agreed by Class Counsel and counsel for the Defendants in writing.

4. Information designated "Confidential" shall be redacted from any public filing. Any party desiring or intending to provide the Court with any information designated "Confidential" shall move to submit such information under seal consistent with the Local Rules of the U.S. District Court for the District of Massachusetts.

5. Information designated "Confidential" shall be used solely for purposes related to this litigation, to the class members' immigration matters (*e.g.*, communications with a class member's immigration counsel), to attempting to secure legal representation or other legal assistance for class members, and to this Court's orders.

6. This Protective Order does not limit Defendants' use of information in their own possession. This Protective Order does not limit any person's use of information obtained from a source other than disclosures made pursuant to the Court's January 16, 2026, Order regarding class member identification procedures (D.E. 136).

3

7. If the production of additional confidential information other than that described herein is contemplated, the parties may seek to update this Protective Order or submit a separate protective order tailored to the additional information to be produced, as needed.

8. This Order shall continue in full force and effect upon the conclusion of this Action.

SO ORDERED.

Date: 1/28/26

Hon. Patti B. Saris
United States District Judge

EXHIBIT A

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1:25-cv-12664, pending in the United States District Court for the District of Massachusetts. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge or disseminate any information, documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I agree to make reasonable efforts to destroy or return to the attorney from whom I have received them, any documents in my possession designated "Confidential," any documents containing information designated as "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Signed under the pains and penalties of perjury.

Date: _____          [SIGNATURE]

[PRINTED NAME]