UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE ARNULFO GUERRERO ORELLANA, on behalf of himself and others similarly situated, )<br>)<br>Petitioner-Plaintiff, )<br>)<br>v. )<br>)<br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al., )<br>)<br>Respondents-Defendants. )<br>) | Case No. 25-12664-PBS |

### RESPONSE TO RESPONDENTS' MARCH 6, 2026 STATUS REPORT

As Respondents reported, the U.S. Court of Appeals for the Ninth Circuit has stayed Judge Sykes's vacatur order in *Maldonado Bautista* in the Central District of California.

The Ninth Circuit gave no explanation for its action, nor any particular timeline for how long the stay would last.

As a result, it appears there is currently no vacatur order in effect from any court for the *Matter of Yajure Hurtado* decision. The government will presumably resume its prior practice of relying on *Hurtado* to disregard this Court's final declaratory judgment and deny bond hearings to the class members, as the Chief Immigration Judge instructed in January.[1] Consequently, Petitioner respectfully suggests that this Court should move forward with the APA count (Count V) at this time, allow Petitioner's pending motion for partial summary judgment, and enter its own order vacating *Hurtado*.

---

[1] To date, the government has identified more than 570 people who it believes may be members of the class, pursuant to the Court's January 16, 2026 Order (D.E. 136).

Although the Ninth Circuit provided no explanation for its order, Petitioner notes that the government had argued for the stay of the vacatur order on essentially two grounds that do not apply to this case:

- First, the government argued that the *Maldonado Bautista* erred by entering the vacatur order as an enforcement order under 28 U.S.C. § 2202, when it had previously ruled that the operative complaint did not include a request to vacate *Hurtado* and that vacatur would not enter without a further amended complaint. Status Report Ex. B at 13-15. In contrast, the operative complaint in this case (D.E. 10, Sept. 22, 2025) specifically includes an APA challenge to *Hurtado* and specifically requests the remedy of vacatur of *Hurtado*. *See* Amend. Pet. & Compl. (D.E. 10) ¶¶55-57 & Prayer for Relief ¶8.

- Second, the government argued that 8 U.S.C. § 1252(a)(5) and (b)(9) require that detention challenges be brought in the Court of Appeals through the Petition for Review process, not in the District Court. Status Report Ex. B at 15-17. The First Circuit has made clear, however, that detention challenges independent of final removal orders can and must be brought in the District Court. *See Hernandez v. Gonzales*, 424 F.3d 42, 42 (1st Cir. 2005) (holding, where District Court transferred detention challenge to the Circuit, that the case should be transferred back to the District Court for resolution); *Kong v. United States*, 62 F.4th 608, 614-615 (1st Cir. 2023); *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007). And this Court has already concluded that § 1252(a)(5) and (b)(9)

have no applicability to this case. *See* PI Order (D.E. 54) at 8-11; PSJ Order (D.E. 112) at 11-13.[2]

Respectfully submitted,

*/s/ Daniel L. McFadden*
Jessie J. Rossman (BBO # 670685)
Adriana Lafaille (BBO # 680210)
Daniel L. McFadden (BBO # 676612)
Julian Bava (BBO # 712829)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
dmcfadden@aclum.org
jbava@aclum.org

My Khanh Ngo
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
m.tan@aclu.org

Gilles R. Bissonnette (BBO # 669225)
SangYeob Kim
Chelsea Eddy
AMERICAN CIVIL LIBERTIES UNION
OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301

---

[2] The government's stay motion separately argued the *Maldonado Bautista* class resolution was flawed on two grounds: certification of a nationwide class and 8 U.S.C. § 1252(e). *See* Status Report Ex. B at 9-1. The Court has not certified a nationwide class in this case. And this Court has repeatedly concluded that § 1252(e) does not bar resolution of the class claims. *See* Class Cert. Order (D.E. 81) at 11-15; PSJ Order (D.E. 112) at 11-13; *see also Jacobo Ramirez v. Noem*, No. 25-02136, 2026 WL 310090, at *10-14 (D. Nev. Feb. 5, 2026) (rejecting applicability of § 1252(e) to essentially identical class claim for similar reasons).

Phone: 603.333.2081
gilles@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Carol J. Garvan
Max I. Brooks
AMERICAN CIVIL LIBERTIES UNION
OF MAINE FOUNDATION
P.O. Box 7860
Portland, ME 04112
(207) 619-8687
cgarvan@aclumaine.org
mbrooks@aclumaine.org

Anthony D. Mirenda BBO #550587
Christopher E. Hart BBO #625031
Gilleun Kang BBO #715312
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000
adm@foleyhoag.com
chart@foleyhoag.com
gkang@foleyhoag.com

Annelise M. Jatoba de Araujo
(BBO # 669913)
Araujo & Fisher, LLC
75 Federal St., Ste. 910
Boston, MA 02110
617-716-6400
annelise@araujofisher.com

Sameer Ahmed (BBO #688952)
Sabrineh Ardalan (BBO # 706806)
Harvard Immigration and Refugee Clinical
Program
Harvard Law School
6 Everett Street
Cambridge, MA 02138
T: (617) 384-0088
F: (617) 495-8595
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Petitioner*

Dated: March 9, 2026

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Date: March 9, 2026                                      */s/ Daniel L. McFadden*
                                                        Daniel L. McFadden